UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

AARON C. BENBOW,
            Plaintiff,

  vs.                                                                  CA 13-700-ML

A.T WALL, et al.,
            Defendants.

**MEMORANDUM AND ORDER**

Before the Court is a civil rights Complaint With Jury Demand (Doc. No. 1) ("Complaint") filed by Plaintiff Aaron C. Benbow, proceeding *pro se*, an inmate at the Adult Correctional Institutions ("ACI"), Cranston, Rhode Island, pursuant to 42 U.S.C. § 1983 and related statutes. Plaintiff has also filed an Application to Proceed without Prepayment of Fees and Affidavit (Doc. No. 2) ("Application") and a Motion for the Appointment of Counsel (Doc. #3) ("Motion for Counsel"). The Court is required to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1916A.

OVERVIEW

The Complaint names as Defendants A.T. Wall, Director of the ACI, James Weeden, Warden of the High Security Center ("HSC"), Alfred P. Leach, Deputy Warden at the HSC, Richard McCloskey, a nurse at the HSC, and a number of HSC correctional officers. Defendants Wall Weeden, Leach, and McCloskey are sued in their official and individual capacities, while the correctional officers are sued in their individual capacities only.

In brief, Plaintiff alleges that he has been subject to harassment, excessive force, and denial of medical care, in violation of his rights under the Eighth Amendment, and confinement in segregation, in violation of his due process rights under the Fourteenth Amendment. Invoking the

Court's supplemental jurisdiction, he also alleges the state law torts of assault and battery and negligence. He seeks injunctive relief, compensatory damages, and punitive damages.

## DISCUSSION

I.  Complaint

    A.  Screening under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2) directs a court to dismiss a case at any time if the court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2).[1] Pursuant to 28 U.S.C. § 1915A, the Court is required to screen complaints filed by prisoners against a governmental entity, officer, or employee of such entity and dismiss the complaint, or any portion thereof, for reasons identical to those set forth in § 1915(e)(2). See 28 U.S.C. § 1915A.[2]

---

[1] Section 1915(e)(2) provides that:

(2) Notwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that- -
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal- -
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] Similarly, § 1915A states in relevant part that:

**(a) Screening**.- - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal**.- - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint- -
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is identical to that used when ruling on a Rule 12(b)(6) motion. See Fridman v. City of New York, 195 F.Supp.2d 534, 538 (S.D.N.Y. 2002); see also Pelumi v. Landry, No. CA 08-107 ML, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In making this determination, the Court must accept Plaintiff's well-pled allegations as true and construe them in the light most favorable to him. See Rogan v. Menino, 175 F3d 75, 77 (1st Cir. 1999). Although the Court must view the pleadings of a *pro se* plaintiff liberally, Estelle v. Gamble, 429 U.S. 97 (1976), the Court need not credit bald assertions or unsupported conclusions, Iqbal, 566 U.S. at 678; Rogan, 175 F.3d at 77.

B.      Legal Standard under § 1983

Section 1983 requires three elements for liability: deprivation of a constitutional or federal statutory right, a causal connection between the actor and the deprivation, and state action. Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009)(citing 42 U.S.C. § 1983). Here, assuming that Defendants were acting under color of state law, Plaintiff's claims are reviewed to determine if they allege facts indicating that Defendants deprived him of a constitutional or federal statutory right.[3]

---

....

28 U.S.C. 28 U.S.C. § 1915A.

[3] It is clear that Defendants are state actors. Accepting the well-pled facts in Plaintiff's Complaint as true, the Court assumes a causal connection between the state actors and the alleged deprivation.

C.    Screening

Having reviewed the Complaint and the exhibits attached thereto, the Court finds that Plaintiff's factual allegations are sufficient to pass this initial hurdle. He may, therefore, proceed with his Complaint.

II.    Application to proceed *in forma pauperis*

The Court has reviewed Plaintiff's Application, affidavit in support thereof, and Inmate Statement, which has been certified by an appropriate official at the ACI. See 28 U.S.C. § 1915(a)(2). The Court finds that Plaintiff is eligible to proceed without prepayment of fees. Thus, his Application to proceed in forma pauperis is granted.

Plaintiff, however, is still required to pay the statutory filing fee of $350.00 for this action. Pursuant to the Prison Litigation Reform Act, adopted April 25, 1996, and codified at § 1915(b), a prisoner seeking to file in forma pauperis must pay, when funds exist, an initial filing fee of the greater of 20% of the average monthly deposits to his account or the average monthly balance for the six months prior to the filing of his Complaint. See 28 U.S.C. § 1915(b)(1). Subsequently, a prisoner must pay monthly 20% of the previous month's balance in his account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner, in this case the ACI, shall forward payments from the prisoner's account to the clerk of the court each time that amount exceeds $10.00 until the entire filing fee is paid. Id.

The monthly deposits to Plaintiff's account during the relevant period averaged $18.50. During the same period, his average monthly balance was $103.07. Accordingly, Plaintiff is required to pay $20.61 as an initial filing fee. The ACI is directed to forward to the Court every month 20% of the previous month's balance in Plaintiff's account each time that amount exceeds

$10.00 until he has paid the entire filing fee of $350.00.  Plaintiff shall make his initial payment of $20.61 within thirty (30) days of the date of this Memorandum and Order.

III.   Motion for Counsel

There is no constitutional right to appointed counsel in a civil case.  Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); see also DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Plaintiff must demonstrate that he is indigent and that exceptional circumstances warrant the appointment of counsel.  In making the discretionary determination whether "there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia*, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass. 2003)(quoting DesRosiers v. Moran, 949 F.2d at 24 (1st Cir. 1991)).

Although Plaintiff has made the required showing that he is indigent, he has not demonstrated that "there are exceptional circumstances sufficient to warrant the appointment of counsel ...," DesRosiers v. Moran, 949 F.2d at 2.  First, although Plaintiff has alleged sufficient facts at this early juncture to allow the Complaint to go forward, it is by no means clear that he will succeed on the merits of his case.  Second, the legal issues in this case are not complex.  Third, Plaintiff appears able to represent himself.  He expresses himself clearly and understandably.  The ten-page Complaint contains an introduction, includes a statement of the basis for this Court's jurisdiction, identifies the parties, provides a lengthy recitation of the facts, and specifies the relief sought.  See Complaint.  In addition, Plaintiff clearly is familiar with this Court's rules and procedures, having filed four civil actions (including this one) in the past year.

Based on the foregoing, the Court concludes that Plaintiff has not demonstrated that

exceptional circumstances warrant the appointment of counsel in the instant matter. Accordingly, Plaintiff's Motion for Counsel is denied.

## CONCLUSION

In summary, Plaintiff has stated sufficient facts at this initial stage to allow him to proceed with his Complaint. His Application to proceed *in forma pauperis* is GRANTED. His Motion for Counsel is DENIED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

DATE: March 11, 2014